UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMOR J. DEMBY,<br>Plaintiff,<br>v.<br>NYLA PARKER *et al.*,<br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-2559 (KMW-MJS) |
| JAMOR J. DEMBY,<br>Plaintiff,<br>v.<br>MATOS GARCIA *et al.*,<br>Defendants. | Civil Action<br>No. 25-2560 (KMW-MJS)<br><br>**MEMORANDUM ORDER AND OPINION** |

**THIS MATTER** comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaints in No. 25-2559 and 25-2560, and the Court's review of the corresponding Applications to Proceed in District Court Without Prepaying Fees or Costs ("IFP Applications") in No. 25-2559 (ECF No. 1-2) and No. 25-2560 (ECF No. 1-2) pursuant to 28 U.S.C. § 1915(a)(1). The Court having screened the Complaints and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for the reasons set forth in the accompanying Memorandum Opinion; and

**WHEREAS**, having reviewed the IFP Applications, this Court finds that Plaintiff has shown an entitlement to proceed without prepayment of fees, and his applications shall be granted. As Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss

any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se*

pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); and

**WHEREAS**, in New Jersey, a police department is not a separate entity from the municipality, it is "merely an administrative arm of the local municipality" rendering it an improper defendant that cannot be sued in conjunction with the municipality. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004); *Foster v. Essex Cnty. Corr. Facility*, No. 23-1613 (BRM) (MAH), 2023 WL 6366563, at *6 (D.N.J. Sept. 28, 2023). As such, the Camden County Metro Police Department ("Defendant Police Department") is not a proper Defendant in either No. 25-2559 or No. 25-2560, and both Complaints must be dismissed as to Defendant Police Department; and

**WHEREAS**, municipal liability does not attach under a theory of *respondeat superior* or vicarious liability. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Instead, municipal liability only attaches when "the execution of the government's policy or custom...inflicts the injury." *Id.* (quotations omitted). As such, to determine municipal liability the Court must inquire as to whether there was a "direct causal link between a municipal policy or custom and [the] alleged constitutional deprivation." *Id.*

In these cases, the Plaintiff's Complaints assert claims under 42 U.S.C.§ 1983, describing unlawful arrest, unlawful search, and excessive police force used in the course of a stop and/or arrest in violation of Plaintiff's Fourth Amendment rights. To hold Defendant City of Camden ("Defendant City") and Defendant County of Camden ("Defendant County") liable, the Plaintiff must plead allegations of each Defendants' customs and/or policies that establish a direct causal

link to the Fourth Amendment violations that resulted in the Plaintiff's injuries. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In both Complaints, Plaintiff makes allegations that officers acted "in accordance to a custom, practice, policy, and or procedure," Compl. at p. 3 (No. 25-2559, ECF No. 1 at p. 3; No. 25-2560, ECF No. 1 at p. 3.). However, Plaintiff fails to point to the custom or policy that he alleges caused the constitutional violation. While the Complaints point to specific actions of the police officers, neither Complaint points to how the Defendant County or the Defendant City established a custom or policy that led to the violation. As to these Defendants, neither Complaint provides more than "threadbare recitals of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678. Because the Plaintiff does not provide sufficient detail to establish a custom and/or policy of the Defendant County or the Defendant City that directly caused his injuries, Plaintiff fails to state a claim as to these Defendants, and both Complaints must be dismissed as to the Defendant County and the Defendant City pursuant to Fed. R. Cv. P. 12(b)(6); and

**WHEREAS**, judges of superior and general jurisdiction are exempt from civil liability for judicial acts over which the defendant judge properly had subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Therefore, when determining whether a defendant judge is civilly liable, the court must inquire as to whether "at the time he took the challenged action he had jurisdiction over the subject matter before him." *Id.* at 356. Moreover, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*

In these cases, Plaintiff has named Judge David Garnes (Defendant Judge Garnes) (No. 25-2559) and Judge David Anderson (Defendant Judge Anderson) (No. 25-2560). Plaintiff alleges that Defendant Judge Garnes issued an arrest warrant without probable cause and failed to sign the

same warrant. *See* Compl. at p. 6 (No. 25-2559, ECF No. 1 at p. 6.) Plaintiff alleges that Defendant Judge Anderson did not sign the warrant he issued. *See* Compl. at p. 7 (No. 25-2560, ECF No. 1 at p. 7.) In both cases, Plaintiff fails to plead any facts that indicate that either Defendant Judge acted without subject matter jurisdiction. While Plaintiff implies that both Defendant Judges acted improperly, Plaintiff fails to plead allegations that would subject either Defendant Judge to civil liability for their judicial acts. Therefore, as to Defendant Judge Garnes and Defendant Judge Anderson, the respective Complaints must be dismissed pursuant to Fed. R. Cv. P. 12(b)(6); and

**WHEREAS**, a prosecutor is absolutely immune from civil liability for "initiating a prosecution and in presenting the state's case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, (1991). (cleaned up.) When a prosecutor participates in a warrant hearing and presents evidence to support issuance of the warrant, he is acting in his role as "advocate for the state" which entitles him to absolute immunity. *Id.* at p. 491. In Case No. 25-2559, Plaintiff alleges that Defendant Prosecutor F. Simpson ("Defendant Prosecutor") "went before judge David Garnes of the Camden City Municipal court, and procured a warrant for plaintiffs' arrest." Compl. at p. 2 (Case No. 25-2559, ECF No. 1 at p. 2). Plaintiff does not plead any facts alleging Defendant Prosecutor's "motivation in seeking the search warrant or his conduct outside of the courtroom relating to the warrant." *Burns*, 500 U.S. at p. 487. As such, based on the pleading, Defendant Prosecutor was acting in his capacity as an advocate for the state and has absolute immunity as to those actions. Therefore, the Complaint as to Defendant Prosecutor must be dismissed pursuant to Fed. R. Cv. P. 12(b)(6); and

**WHEREAS**, to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that a person acting under color of state law violated a "right secured by the Constitution and the laws of the United States." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). Therefore, as to Defendant

Nyla Parker ("Defendant Parker") Plaintiff must show that she deprived him of a Constitutional right while acting under the color of state law. Plaintiff alleges that Defendant Parker violated his Fourth and Fourteenth Amendment rights. Plaintiff contends that while working as a police officer for the Camden Metro Police Department, Defendant Parker approached him on the street in Camden, asked for Plaintiff's name, which he told her, and then she advised Plaintiff that she was placing him in handcuffs. *See* Compl. at p. 2 (Case No. 25-2559, ECF No. 1 at p. 2). When Plaintiff objected Officer Parker "violently grabbed plaintiff by the arm and began pulling on his arm in an attempt to place plaintiff under arrest without probable cause." *Id.* Plaintiff pulled away from Defendant Parker and ran away. *Id.* Defendant Parker chased Plaintiff. *Id.* It is unclear if Defendant Parker ever caught Plaintiff, but ultimately, as a result of the encounter, Plaintiff was charged with aggravated assault, resisting arrest, obstruction of justice, and loitering to commit a drug offense. *Id.* at p. 3.

The Court construes Plaintiff's Fourth Amendment claim as allegations of unlawful arrest. To state a claim for unlawful arrest under § 1983, Plaintiff must "plead that he was arrested by a State actor without probable cause." *Palma v. Atl. Cnty.*, 53 F. Supp. 2d 743, 755 (D.N.J. 1999). Probable cause is a question of fact that exists when "reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). In order for Defendant Parker to have properly arrested Plaintiff, she must have had probable cause as to the loitering to commit a drug offense. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 635 (3d Cir. 1995). This is because the subsequent charges—aggravated assault, resisting arrest, and obstruction of justice—"could not have provided probable cause for the arrest ab initio." *Id.*

Here, construing the facts in favor of Plaintiff, Defendant Parker approached Plaintiff, asked for his name, Plaintiff complied, and Defendant Parker forcefully attempted to arrest him. At this early stage, Plaintiff sufficiently states a claim for unlawful arrest under § 1983 and Plaintiff's claim against Defendant Parker may proceed; and

**WHEREAS**, Plaintiff's claim against Defendant Abrimelec Matos Garcia ("Defendant Matos Garcia") likewise asserts that his Fourth Amendment rights were violated as a result of an unlawful arrest. As previously stated, for a claim of unlawful arrest Plaintiff must plausibly allege that Defendant Matos Garcia arrested him without probable cause. While Plaintiff plainly states that Defendant Matos Garcia did not have probable cause, the Court is not required to credit legal assertions as well plead facts. *Ashcroft*, 556 U.S. at 678. The existence of probable cause is a fact-intensive inquiry that is typically best left for the factfinder. *Castro v. New Jersey*, 521 F. Supp. 3d 509, 522 (D.N.J. 2021). "To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Maryland v. Pringle,* 540 U.S. 366, 371 (2003). The guilt or innocence of the accused is inapposite since the analysis focusses solely on whether probable cause existed for any offense that could be charged under the circumstances. *Piazza v. Lakkis*, No. 3:11-CV-2130, 2012 WL 2007112, at *6 (M.D. Pa. June 5, 2012). If it is clear on the face of the Complaint that probable cause existed, a claim for unlawful arrest should be dismissed. *See Id.* (holding that probable cause existed on the face of the Complaint when the Complaint established that Plaintiff was "driving her vehicle without her seatbelt and with an expired driver's license, both of which are offenses under Pennsylvania law.")

Here, while there are facts that indicate that Defendant Matos Garcia may have had probable cause, it is not so blatantly clear that Plaintiff's claims cannot go forward. The Complaint alleges that Defendant Matos Garcia approached Plaintiff while he was entering a friend's vehicle. Defendant Matos Garcia claimed that he observed Plaintiff throw an unidentified object into the vehicle. Defendant Matos Garcia then handcuffed Plaintiff, searched Plaintiff and the vehicle and found nothing illegal. Then, ten minutes later, while Plaintiff was still handcuffed in the back of Defendant Matos Garcia's car, "an officer returned from an alley way with what appeared to be narcotics." Plaintiff was charged with possession of controlled substances with intent to distribute within 1000 feet of a school zone. Nothing in the Complaint indicates that Plaintiff was blatantly violating any laws, as was the case in *Piazza v. Lakkis* when the Court found dismissal appropriate based on a finding of probable cause. While evidence supporting dismissal may arise in later stages of the litigation, at this point, the Court finds the claims against Defendant Matos Garcia may proceed.

**IT IS HEREBY** on this 5th day of December, 2025 **ORDERED**

**A.** Plaintiff's application to proceed *in forma pauperis* in actions No. 25-cv-2559 (ECF No. 1-1), and No. 25-cv-2560 (ECF No. 1-1) is **GRANTED**

**B.** The Complaint in actions No. 25-cv-2559 (ECF No. 1) and No. 25-cv-2560 (ECF No. 1) shall be filed

**C.** Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General for the State of New Jersey and the warden of the Camden County Correctional Facility

**D.** On each case (No. 25-cv-2559 and No. 25-cv-2560) Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant

to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid

**E.** Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full

**F.** Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited

**G.** Actions No. 25-2559 and No. 25-2560 shall be consolidated for all purposes

**H.** All filings in the consolidated action shall be made in the Case No. 25-2559 docket

**I.** Plaintiff's claims in Case Nos. 25-2559 and 25-2560 against Camden County Metro Police Department are **DISMISSED WITH PREJUDICE**

**J.** Plaintiff's claims in Case Nos. 25-2559 and 25-2560 against Judge David Garnes and Judge David Anderson are **DISMISSED WITHOUT PREJUDICE**

**K.** Plaintiff's claims in Case Nos. 25-2559 against Prosecutor F. Simpson are **DISMISSED WITHOUT PREJUDICE**

**L.** Plaintiff's claims in Case Nos. 25-2559 and 25-2560 against City of Camden and County of Camden are **DISMISSED WITHOUT PREJUDICE**

**M.** Plaintiff has thirty (30) days to amend his pleadings into a single, comprehensive Complaint in compliance with the Federal Rule of Civil Procedure 8, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case

**N.** The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge